### Elijah Munsell *vs.* Thaddeus G. Carew.

A farm being let for a year from April 1st, 1846, the lessee agreeing to pay the lessor sixty dollars on or before the 1st of January, 1847, and in case of refusal or neglect, the lessor to have all the crops, which might or should grow on the farm during the time, to dispose of as he should please; it was held, that, until delivery of the crops to the lessor, or possession thereof taken by him, in payment of the rent, they remained the property of the lessee, and might be sold by him, or attached by his creditors.

THIS was an action of trover, for certain property hereinafter mentioned, and was tried before *Wells*, C. J., in the court of common pleas. The case was as follows : —

The plaintiff, by an instrument in writing, signed by himself and Solomon Buckland, let the half of his farm in Wilbraham to Buckland, for one year from the 1st of April, 1846, upon certain terms and conditions specified in the writing. One of the clauses therein was as follows : " The said Buckland, on his part, doth agree to pay the said Munsell sixty dollars on or before the 1st of January, 1847, and, in case of refusal or neglect, the said Munsell is to have all the crops which may or shall grow on said farm during said time, to dispose of as he sees fit."

It appeared in evidence, that Buckland took possession under his lease; that some time in October, 1846, the defendant took away a quantity of tobacco, hay and corn, which had been raised on the farm, claiming a portion of the same by a title from Buckland, and the residue as the receiptor therefor on an attachment of the same by Willard Munsell, a creditor of Buckland; that both Munsell and the defendant were witnesses to the execution of the lease, and had knowledge of its contents; that before the taking by the defendant, he was forbidden by the plaintiff's agent, and notified that he would be held responsible if he took the property ; that the rent not having been paid according to the terms of the lease, the plaintiff demanded payment thereof soon after the 1st, and afterwards about the middle of January, 1847; and that before the commencement of this action, he demanded

the property sued for of the defendant, who refused to deliver the same to him.

The presiding judge being of opinion, upon the evidence above stated, that the action could not be maintained, directed a nonsuit; and the plaintiff filed exceptions.

*R. A. Chapman*, for the plaintiff.

*W. G. Bates*, for the defendant.

WILDE, J. This case, we think, cannot be distinguished, in any material point, from the case of *Butterfield* v. *Baker*, 5 Pick. 522.

In that case, a farm had been leased, with a provision that the produce, whether growing or harvested, if deposited on the land, should be held for the rent, and be at the disposal of the lessor, and that the lessor might enter to take the same for rent in arrear. And it was held that such produce, before any actual delivery to the lessor, was liable to attachment as the property of the lessee. In that case, as in this, the lease was at an annual rent payable in money, and the lessor claimed the produce by virtue of a clause in the lease, similar substantially to that by which the plaintiff now claims.

We have no doubt of the correctness of the decision in the former case, and we know of no principle of law, by which such a claim can be sustained. It is very clear, that the produce raised on the farm, in this case, was the property of the lessee at the time it was taken by the defendant, which was before the rent became due. At that time, the lessor had neither the property, nor the possession, nor the right of possession, in the produce taken; and if he afterwards had acquired the right of property, that would not avail him in this action. But he has acquired no such right. The produce in question was not in existence at the time the lease was made, and the agreement in the lease did not amount to a sale. It is said that the subject of the agreement existed potentially, and therefore might be sold, as it was said in the case of *Lewis* v. *Lyman*, 22 Pick. 437, 442. But if this principle would apply in the present case, the sale would not be complete and valid against the creditors or purchasers of the lessee.

Springfield *v.* Worcester.

But the clause in the lease seems to be rather an executory contract or license to dispose of the crops and produce for the payment of the rent, and not a sale of the whole produce. It is not, however, necessary to decide this point.    It is clear that the sale would not be valid against the defendant, without a delivery.  Nor had the plaintiff any lien on the property. To sustain a lien by the agreement of the parties, actual delivery and possession of the property are required.    We are therefore clearly of opinion, that there is no ground on which this action can be sustained.

*Judgment for defendant.*